UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRESH MARKET, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:24-cv-9102 |
| | ) |
| NATIONWIDE INSURANCE COMPANY OF FLORIDA, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Fresh Market, Inc. doing business as Baladi Fresh Market, by its undersigned attorneys, for its complaint against Defendant, Nationwide Insurance Company of Florida, states:

## FACTS

1. Plaintiff, Fresh Market, Inc. ("Fresh Market"), is an Illinois citizen, being an Illinois corporation and the tenant of a commercial building located at 601 West North Avenue in Villa Park, Illinois, out of which it operates a grocery store under the name Baladi Fresh Market ("the store").

2. Defendant, Nationwide Insurance Company of Florida ("Nationwide"), is a citizen of Ohio, being an Ohio corporation with its principal place of business in Columbus, Ohio.

3. This Court has subject matter jurisdiction over this matter pursuant to Title 28, U.S.C. § 1332(c)(1) because there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000.

4. Venue is proper in this Court pursuant to Title 28, U.S.C. § 1391 because the events giving rise to Fresh Market's claims occurred in this judicial district. Additionally, Nationwide

does business and/or transacts business in this judicial district and, therefore, it is subject to personal jurisdiction in this judicial district and resides here for venue purposes.

5. Nationwide issued to Fresh Market a businessowners insurance policy effective December 31, 2022 to December 31, 2023 ("the insurance policy"), the property forms and endorsements of which are attached to this Complaint as Exhibit A.

6. The insurance policy provided coverage for the actual loss of business income sustained by Fresh Market caused by a covered cause of loss that necessarily suspended its grocery store operations during the "period of restoration", defined as the time that begins immediately following the damage, and ends on the date when the property at the described premises should be repaired, rebuilt or replaced with reasonable speed and similar quality.

7. On or about August 24, 2023, while the insurance policy was in full force and effect, a car drove through the front of the store causing direct physical damage to the store, to Fresh Market's business personal property inside the store, and necessarily suspending Fresh Market's grocery store operations ("the loss").

8. Fresh Market duly submitted a claim to Nationwide for benefits under the insurance policy.

## COUNT I
**(Breach of Contract)**

9. Fresh Market re-alleges paragraphs 1 through 8 of the Facts of the Complaint as paragraph 9 of count I of the Complaint.

10. Fresh Market has substantially performed all post-loss conditions required by the insurance policy to be performed by it, requested of it, and/or not waived by Nationwide including, but not limited to, giving prompt notice of the loss, otherwise cooperating with Nationwide in the investigation of the loss and ensuing claim, and timely filing suit against Nationwide.

11. The actual loss of business income sustained by Fresh Market exceeds the $22,428 paid by Nationwide for a one-month period of restoration.

12. Although requested to do so, Nationwide has failed and refused to pay Fresh Market for all of the business income it lost, which failure and refusal constitutes a breach of the insurance policy.

13. This breach of the insurance policy was and is the direct and proximate cause of damage to Fresh Market in an amount in excess of $75,000.

14. This is an action based on a "written instrument" within the meaning of the Illinois Interest Act and, therefore, Fresh Market is entitled to prejudgment interest.

WHEREFORE, Plaintiff, Fresh Market, Inc., prays for judgment in its favor and against Defendant, Nationwide Insurance Company of Florida, in an amount in excess of $75,000, plus prejudgment interest and costs.

## COUNT II
### (Section 155 Relief)

15. Fresh Market re-alleges paragraphs 1 through 13 of count I of the Complaint as paragraph 15 of count II of the Complaint.

16. At the time of the loss, Nationwide's internal claim handling policies, practices, and procedures included compliance with Part 919 of the Illinois Administrative Code and compliance with sections 154.5 and 154.6 of the Illinois Insurance Code.

17. Fresh Market is entitled to an award of taxable costs under section 155 of the Illinois Insurance Code by virtue of Nationwide engaging in the following vexatious and unreasonable conduct including, but not limited to:

(a) failing to pay Fresh Market for all amounts due under the insurance policy within 40 days of the loss, or by October 3, 2023, which constitutes an unreasonable delay in paying the loss and ensuing claim as a matter of law, in violation of the

regulations promulgated by the Illinois Director of Insurance within section 919.80 (d)(7)(A) of Part 919 of the Illinois Administrative Code;

(b) failing to provide Fresh Market and/or its public insurance adjuster with a reasonable written explanation for the delay in resolving the loss and ensuing claim, after the claim remained unresolved for more than 75 days after Fresh Market notified Nationwide of the loss, or by November 8, 2023, in violation of the regulations promulgated by the Illinois Director of Insurance within section 919.80(d)(7)(B) of Part 919 of the Illinois Administrative Code;

(c) failing to provide Fresh Market and/or its public insurance adjuster with reasonable written explanations for the delays in resolving the loss and ensuing claim, in violation of the regulations promulgated by the Illinois Director of Insurance within section 919.40 of Part 919 of the Illinois Administrative Code;

(d) failing to acknowledge with reasonable promptness pertinent communications from Fresh Market's public insurance adjuster regarding the loss and ensuing claim, including failing to respond or untimely responding to emails, in violation of section 154.6(b) of the Illinois Insurance Code and in violation of the regulations promulgated by the Illinois Director of Insurance within section 919.40 of Part 919 of the Illinois Administrative Code;

(e) not attempting in good faith to effectuate a prompt, fair, and equitable settlement of the loss and ensuing claim, a claim in which liability was reasonably clear, in violation of section 154.6(d) of the Illinois Insurance Code and in violation of the regulations promulgated by the Illinois Director of Insurance within section 919.50 of Part 919 of the Illinois Administrative Code;

(f) only paying $22,428 for the loss of income sustained by Fresh Market, a payment that understated its business income loss by at least an additional $75,000;

(g) only paying $22,428 for the loss of income based on an unreasonable interpretation of the insurance policy term "period of restoration";

(h) delaying the loss of business income payment until January 9, 2024, almost five (5) months after the loss;

(i) limiting the loss of business income payment to the 1-month period following the loss, despite the store and business personal property remaining damaged beyond that period, despite damaged/destroyed grocery store products not being replaced within that period, and despite not paying Fresh Market for the damaged/destroyed business personal property, including damaged/destroyed grocery store products until October 23, 2023, all of which prevented and hindered Fresh Market from resuming its normal grocery store operations within that 1-month period;

(j) without proper cause, wrongfully and knowingly refusing to reimburse Fresh Market for all of its loss of business income under the insurance policy;

(k) failing to be fair, open, and to carry out its part of the bargain under the insurance contract in good faith, contrary to its claim handling philosophy and mission; and

(l) forcing Fresh Market to retain legal counsel to investigate the loss and ensuing claim and to sue to recover all of the benefits that should have been immediately forthcoming under the insurance policy.

WHEREFORE, Plaintiff, Fresh Market, Inc. prays for an award of taxable costs, including reasonable attorney fees, in its favor and against Defendant, Nationwide Insurance Company of Florida.

**Plaintiff Demands Trial by Jury.**

/s/ Edward Eshoo, Jr.
Edward Eshoo, Jr.
Christina M. Phillips
MERLIN LAW GROUP
181 West Madison, Suite 3475
Chicago, Illinois 60602
Telephone: (312) 260-0806
Facsimile: (312) 260-0808
eeshoo@merlinlawgroup.com
cphillips@merlinlawgroup.com
Attorneys for Plaintiff